NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMI POMERANC,<br><br>                                    **Plaintiff,**<br>v.<br><br>THE RITZ CARLTON HOTEL COMPANY, LLC, JOHN DOES 1-10, ABC CORPS 1-10,<br><br>                                   **Defendants.** | Civil Action No. 13-3916 (CCC)<br><br><br>**REPORT & RECOMMENDATION** |

**FALK, U.S.M.J.**

      Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 3.] The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). Based upon the following, it is respectfully recommended that the motion be **DENIED**.

## BACKGROUND

      This is a personal injury case. Plaintiff, a New Jersey resident, was a guest at the Ritz-Carlton South Beach in Miami, Florida. He was allegedly injured when a pool umbrella fell and hit him in the head and face. (Compl., ¶¶ 3-4.) Defendant, The Ritz Carlton Hotel Company LLC, manages the resort in South Beach where Plaintiff was injured. (Compl., ¶ 5; Notice of Removal ¶ 10.) It is a Delaware based limited liability company that primarily operates out of Maryland. (Notice of Removal ¶ 8.) None of its members are citizens of New Jersey. (Notice of Removal ¶ 9.)

      Plaintiff filed a single count Complaint in New Jersey Superior Court on May 17, 2013, alleging negligence associated with the accident.

On June 25, 2013, Defendant removed the case to this Court on the basis of federal diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is more than $75,000 in dispute. See Wis Dep't of Corrections v. Schacht, 524 U.S. 381, 289 (1994).

On April 23, 2013, Plaintiff moved to remand this case to state court. Plaintiff's argument is confusing. He contends that because there is personal jurisdiction over the Defendant in New Jersey Superior Court pursuant to the New Jersey Court Rules, the case should proceed in state court.

The motion to remand is fully briefed.[1] For the reasons set forth below, it should be **DENIED**.

## ANALYSIS

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

Plaintiff does not expressly dispute that the parties are diverse or that there is more than $75,000 in dispute.[2] Instead, Plaintiff's motion confuses the concept of personal jurisdiction and subject matter jurisdiction. Personal jurisdiction refers to jurisdiction over the individual parties to a dispute; subject matter jurisdiction refers to the authority

---

[1] Plaintiff did not submit reply papers, and the time to do so has expired.

[2] Nor could he. Plaintiff is a citizen of New Jersey and no Defendant is a citizen of New Jersey. And Plaintiff has alleged "serious and permanent personal injuries"; "excruciating severe pain"; "extreme mental anguish"; "loss of employment and enjoyment of daily life"; and "diverse sums of money," as well as having provided a statement of damages stating that he seeks more than $250,000. (Certification of Gregory S. Pennington, Esq., Ex. B.) This easily satisfies Defendant's burden to show, by a preponderance of the evidence, that the minimum statutory amount is in dispute. See 28 § 1446(c)(2)(B)

2

of a federal court to hear the particulars of that dispute.  See, e.g., Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinese, 456 U.S. 694, 701 (1982).  It is of no moment whatsoever whether Defendant would be subject to personal jurisdiction in New Jersey state court under the New Jersey Court Rules.  See, e.g., McBryde v. Continental Airlines, Inc., 2009 WL 3242134, at *1 (D.N.J. Oct. 6, 2009) (denying remand motion when movant conflated personal and subject matter jurisdiction)

      The reality is that, while Plaintiff may prefer to proceed in state court, the parties are completely diverse and there is more than the statutory minimum amount in dispute.  Thus, Defendant has an unqualified right to remove the case to this Court, which has subject matter jurisdiction under 28 U.S.C. § 1332.  Therefore, it is respectfully recommended that the motion to remand be **DENIED**.

                          **s/Mark Falk**
                          **MARK FALK**
                          **United States Magistrate Judge**

**DATED: September 12, 2013**